UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MOJDEH HARIRI-VIJEH,**<br>Plaintiff,<br><br>v.<br><br>**METROPOLITAN LIFE INSURANCE COMPANY,**<br>Defendant. | Case No. 15-cv-03195-YGR<br><br>**ORDER DENYING MOTION TO STRIKE**<br>Re: Dkt. No. 14 |

Plaintiff Mojdeh Hariri-Vijeh filed suit on July 9, 2015 against defendant Metropolitan Life Insurance Company, alleging defendant wrongfully denied plaintiff's claim for disability benefits. (Dkt. No. 1. ("Compl.").) The complaint asserts two claims: (1) breach of contract; and (2) breach of the covenant of good faith and fair dealing. (*Id.*) Plaintiff seeks punitive and treble damages under California Civil Code sections 3294[1] and 3345,[2] respectively. (*Id.* ¶¶ 22, 23.)

On August 27, 2015, defendant filed a motion to strike the portions of plaintiff's complaint seeking treble damages under Section 3345. (Dkt. No. 14. ("Mot."), 1:7-10.) Plaintiff opposes the motion. (Dkt. No. 18.)

Having carefully considered the papers submitted[3] and the pleadings at issue, and for the

---

[1] In order to recover punitive damages under Section 3294, a plaintiff must ordinarily prove by "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a).

[2] Section 3345 applies in actions brought by or on behalf of senior citizens or disabled persons, as those terms are specifically defined, with the purpose of "redress[ing] unfair or deceptive acts or practices or unfair methods of competition." Cal. Civ. Code § 3345(a). Upon an affirmative finding of certain enumerated factors, Section 3345 permits a trebling of damages authorized by certain statutes. Cal. Civ. Code § 3345(b).

[3] Defendant requests the Court take judicial notice of certain legislative history in connection with its motion. (Dkt. No. 14-1.) The Court **GRANTS** the unopposed request pursuant to Federal Rule of Evidence 201. "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). However, for the reasons

reasons stated herein, the Court hereby **DENIES** defendant's motion.

## I.   BACKGROUND

Plaintiff insured, a licensed dentist, was issued an individual disability insurance policy by defendant insurer in November 2013. (Compl. ¶¶ 3, 5.) Thereafter, at some point "in or around 2014," plaintiff was diagnosed with adhesive capsulitis of the shoulder, commonly known as "frozen shoulder." (*Id*. ¶ 13.) Her symptoms include pain and fatigue in her hands, arms, shoulder, and back, and plaintiff states she has "experienced severe pain and immobility in those areas." (*Id*. ¶¶ 13, 14.) The side effects of medication add to her suffering and "repetitive motions exacerbate . . . symptoms." (*Id*. ¶ 13.) According to plaintiff, "constant use" of the impacted areas is "required" while practicing dentistry. (*Id*. ¶ 14.) Plaintiff's orthopedic surgeon provided defendant with medical records detailing plaintiff's condition and apparently recommended she "entirely" cease working. (*Id*. ¶ 14.)

Defendant ultimately denied plaintiff's claim for disability benefits, finding she was able to continue working as a dentist despite contrary reports and opinions of her treating physicians. (*Id*. ¶ 16.) When plaintiff requested a copy of her claim file, defendant did not oblige, making it difficult for plaintiff to "adequately respond." (*Id*. ¶ 16.) In the absence of disability income, plaintiff was "forced to sell her dentistry practice." (*Id*. ¶ 17.) Plaintiff suffers from emotional distress and anxiety as a result of defendant's decision. (*Id*. ¶ 17.)

## II.   LEGAL STANDARD

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.

---

stated herein, the Court does not rule on the underlying merits of defendant's argument at this juncture.

2

1   1993) *rev'd on other grounds*, 510 U.S. 517 (1994)). "Motions to strike are generally disfavored

2   because they are often used as delaying tactics and because of the limited importance of pleadings

3   in federal practice.'" *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal.

4   2011) (quoting *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal.

5   2001)).

6       Given the disfavored status of Rule 12(f) motions, "courts often require a showing of

7   prejudice by the moving party before granting the requested relief." *Sanchez v. City of Fresno*,

8   914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting *California Dep't of Toxic Substances*

9   *Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "If there is any doubt

10  whether the portion to be stricken might bear on an issue in the litigation, the court should deny

11  the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal.

12  2013) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).

13  Whether to grant a motion to strike is a matter committed to the sound discretion of the district

14  court. *See Whittlestone*, 618 F.3d at 973 (citing *Nurse v. United States*, 226 F.3d 996, 1000 (9th

15  Cir. 2000)).

16  **III.   DISCUSSION**

17      Defendant moves to strike portions of the complaint that request treble damages under

18  Section 3345. (Mot. 1:7-10.) Defendant makes three primary arguments: (1) the claim should be

19  stricken because a trebling of damages under Section 3345 is precluded as a matter of law where

20  premised upon common law claims; (2) the claim should be stricken as insufficiently supported by

21  plaintiff's factual allegations; and, (3) alternatively, the claim should be dismissed under Rule

22  12(b)(6). The Court treats each in turn.

23      First, a court cannot grant a motion to strike on the basis that damages that are precluded as

24  a matter of law. *See Whittlestone*, 618 F.3d at 971 ("Rule 12(f) of the Federal Rules of Civil

25  Procedure does not authorize a district court to strike a claim for damages on the ground that such

26  damages are precluded as a matter of law.") The Court is unpersuaded by the two non-binding

27  cases proffered by defendant to the contrary. (Mot. 2:1-9.) In *Tapley v. Lockwood Green*

28  *Engineers, Inc.*, the Eighth Circuit merely held that "[i]f and when the case is ultimately appealed

3

from final judgment, the issue presented here can be more appropriately dealt with at that time." 502 F.2d 559, 560 (8th Cir. 1974). Thus, *Tapley* does not directly address the present issue. *Id*. In further support of its position, defendant cites *Bureerong v. Uvawas*, which states "a motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." 922 F.Supp. 1450, 1479 n.34 (C.D. Cal. 1996). However, *Bureerong* has since been abrogated by *Whittlestone*. *See Pallen Martial Arts, LLC v. Shir Martial Arts*, LLC, 2014 WL 2191378 at *8 (N.D. Cal. May 23, 2014) ("In light of *Whittlestone*, *Bureerong* is no longer good law."). Defendant provides no authority that allows the Court to stray from the binding standard set forth in *Whittlestone*.[4] Therefore, the motion on this ground is denied.

Second, defendant argues that the request for treble damages should be stricken because it is unsupported by sufficient factual allegations. (Dkt. No. 16. ("Reply"), 1:15-19.) However, "[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f)." *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010) (citing *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009)). Defendant cites a lone case to support its proposition that a motion to strike may be employed in this manner. *See Storm Mfg. Grp. Inc. v. Weather Tec Corp.*, 2013 WL 5352698, at *10 (C.D. Cal. Sept. 23, 2013). *Storm*, however, is inapposite. There, the court merely declined to rule on the motion to strike, having already dismissed the damages claim in question in connection with the motion to dismiss. *Storm*, 2013 WL 5352698, at *10 ("Since plaintiff's request for punitive damages against Weather Tec is subject to dismissal pursuant to

---

[4] Notwithstanding the foregoing, the Court notes preliminarily that it is not persuaded at this juncture by defendant's underlying argument—that Section 3345 damages are unavailable here as a matter of law. Although the complaint's prayer for relief is not a model of clarity, presumably the treble damages sought under Section 3345 may be merely a trebling of any punitive damages awarded pursuant to Section 3294. *See, e.g.*, *Copeland v. Liberty Life Assur. Co.*, 2015 WL 4194192 at *5 (N.D. Cal. 2015) ("[N]umerous courts have held that § 3345 allows treble recovery of punitive damages when a plaintiff in an insurance bad faith tort seeks punitive damages under § 3294, and this Court agrees."); *Alberts v. Liberty Life Assur. Co.*, 65 F. Supp. 3d 790, 797 (N.D. Cal. Aug. 19, 2014) (holding that Section 3345 authorizes treble recovery under Section 3294 because Section 3294 permits a remedy that is in the nature of a penalty).

1   Fed. R. Civ. P. 12(b)(6), the Court declines to consider defendants' motion to strike that request

2   pursuant to Fed. R. Civ. P. 12(f)."). Thus, the motion on this ground is also denied.[5]

3   Finally, in the alternative, defendant requests the Court convert its 12(f) motion to strike

4   into a 12(b)(6) motion to dismiss. *See Kelley*, 750 F. Supp. 2d at 1146 (E.D. Cal. 2010) ("[W]here

5   a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f)

6   motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6)

7   motion.") (internal quotations and citations omitted). The Court declines to do so in light of the

8   procedural posture of the request. Specifically, defendant first raised this alternative request in its

9   reply brief. Consequently, the parties have not briefed the relevant issues under the applicable

10  Rule 12(b)(6) framework. *See also* footnote 4, *supra*.

**III.   CONCLUSION**

For the foregoing reasons, the Court hereby **DENIES** defendant's motion to strike.

This Order terminates Docket Number 14.

**IT IS SO ORDERED.**

Dated: February 18, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[5] The Court is also not persuaded at this juncture by defendant's alternative underlying argument: namely, that plaintiff has not sufficiently alleged facts at this early juncture to establish the possibility of her entitlement to a trebling of damages under the statute. In the absence of any compelling authority proffered by defendant on this point, there remains the possibility that "the portion to be stricken might bear on an issue in the litigation," an alternative basis for denial of the instant motion. *See Holmes*, 966 F. Supp. 2d at 930.